GEORGE W. PARKER & CO. v. PAWTUCKET M. F. INS. CO.

Where the existence of an award pleaded is put in issue, parole evidence is admissible which tends to show that a legal award, under the submission, was never made: and accordingly, *Held,* That it was sufficient ground for a new trial, that a party had not been permitted to exhibit evidence that one of three referees (the submission requiring unanimity) did not sign the paper relied on as a referee, but simply as a witness to the signatures of his associates, and had never agreed to or made an award.

THIS was an action of assumpsit for the recovery of the amount due, as alleged, by virtue of a policy of insurance executed by the defendants upon certain property owned by the plaintiffs, which had been destroyed by fire. To the declaration the defendants pleaded the general issue, and an arbitrament and award. The plaintiffs' replication denied the award, and upon this replication issue was joined. The jury returned a verdict for the defendants under the instructions and rulings of the Court, and thereupon the plaintiffs, before judgment, moved for a new trial, upon exceptions filed to said instructions and rulings. At the hearing, as bearing upon the points presented by the exceptions (twenty-five in number) the counsel cited a great number of

authorities, which, however, in view of the Court's opinion, it seems unnecessary here to specify.

*Eames* and *T. A. Jenckes* for plaintiffs.

*Farnsworth* and *Bradley* for defendants.

BOSWORTH, J.  The exception first in order is to the ruling of the Judge, excluding the testimony offered by the plaintiffs, tending to show that John G. Philips, one of the referees, signed the paper set up as an award, as a witness; that Anthony and Thornton, the other referees, agreed to the award; that his signature was affixed to the paper, the word "referees" not being opposite the place where he had put his signature, as a witness, at the request of the other referees, the said Anthony agreeing, as chairman of the referees, to explain, upon the reading of the paper to the parties, that the said Philips signed as a witness, and that the referees were not all agreed as to the contents of the paper; and representing at the time, that it made no difference, whether the said Philips signed the paper, or not, the agreement of the said Thornton and himself, being as binding upon the parties, as if all three of the referees had signed the paper.

This testimony, it appearing that said paper was signed at a time preceding the reading thereof to the parties, was not allowed to go to the jury.

By other exceptions filed, it appears that evidence was offered, and ruled inadmissible, tending to show that the referees deemed the award sufficient and binding, if made by two of the referees, and that, therefore, although

the chairman of the referees did not explain, as he had agreed to do, that Philips had not signed the paper as an award, nor agreed to it as such, Philips, himself, did not express his dissent when the paper was read.

The plea in this case put in issue the existence of the award. The proof offered tended to disprove its existence, as by the terms of the submission, it was not an award, unless made by the three, to whom the matter had been submitted. The proof offered was, that Philips did not sign the award as a referee, and that his name was not affixed to the paper except as a witness, and that he had never made the award. For this purpose, we think parol evidence was admissible, on the principle that it went to disprove the legal existence of the award, and not to contradict its terms.

It seems to have been contended at the argument of the cause on the trial, and it is insisted upon in the argument for new trial here, that the fact that Philips was present at the reading of the paper to the parties, and gave no notice of his dissent at the time, made the award good by publication. We think that the proof that the chairman of the referees had agreed to state the circumstances of the disagreement, and the fact of Philips' having signed the paper as a witness only, coupled with the fact that Philips, with the other referees, supposed that it was a valid award without his signature or agreement, and that, therefore, the publication of his disagreement would be of no avail, was proper proof to rebut the implication of assent to the award, which would otherwise arise from his silence, at the time of its reading to the parties. At all events, the evidence tended to prove such irregularity of proceeding on the part of the

Geo. W. Parker & Co. *v.* Pawtucket M. F. Ins. Co.

referees, as ought to render the paper of no validity as an award.

If the facts offered in proof were made out, we think there would be no validity in the award. The evidence, therefore, was such as the jury had a right to consider, and they not having considered it, a new trial is granted. The other exceptions filed, it is not deemed necessary to consider.